UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | |
|---|---|
| CAPITAL ONE BANK (USA) N.A., : | |
| : | CASE NO. 1:09-CV-2833 |
| Plaintiff - Counterclaim Defendant, : | |
| : | |
| v. : | OPINION & ORDER |
| : | [Resolving Doc. Nos. 12, 17 & 18.] |
| KAREN L. JONES, : | |
| : | |
| Defendant - Counterclaimant, : | |
| : | |
| v. : | |
| : | |
| MORGAN & POTTINGER, P.S.C., : | |
| : | |
| Counterclaim Defendant. : | |
| : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Karen L. Jones, the defendant and counterclaimant in this credit card debt collection action, has moved the Court to remand the case to state court. [Doc. 12.] Morgan & Pottinger, P.S.C., the counterclaim defendant who removed the case to this Court, opposes Jones's motion to remand. [Doc. 17.] For the following reasons, the Court **GRANTS** Jones's remand motion.

This action began when Plaintiff Capital One Bank (USA) N.A. sued Jones in state court, alleging that she failed to make timely payments on the credit card that it issued to her. [Doc. 1-1.] Morgan & Pottinger, a Kentucky law firm, signed the complaint as Capital One's counsel, although it was not a named plaintiff. [Doc. 1-1.] In response, Jones filed a class action counterclaim against both Capital One and Morgan & Pottinger, alleging that they routinely attempt to collect consumer

-1-

Case No. 1:09-CV-2833
Gwin, J.

debt that they know is time-barred, in violation of state law and the federal Fair Debt Collection Practices Act ("FDCPA"). [Doc. 1-2.]

Morgan & Pottinger then removed the case to this Court on two grounds. [Doc. 1.] First, Morgan & Pottinger argues that the Class Action Fairness Act of 2005, 28 U.S.C. § 1453(b) ("CAFA"), allows removal of covered[1/] class actions "by any defendant"—including counterclaim defendants who were not plaintiffs to the original complaint. [Doc. 1 at 2-3.] Second, Morgan & Pottinger contends that, because this Court would have original federal question jurisdiction over Jones's FDCPA counterclaim, *see* 28 U.S.C. § 1331, Morgan & Pottinger may remove the entire action under the general removal statute. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ."). [Doc. 1 at 3.]

Jones has now moved to remand the entire case to state court, contending that neither of Morgan & Pottinger's grounds for removal are valid. [Doc. 12-1.]

A fundamental principle of federal procedure is that federal courts have limited subject-matter jurisdiction and are impotent to decide cases beyond that limited jurisdiction. The Supreme Court has explained:

> "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." . . . The requirement that jurisdiction be established as a threshold matter "spring[s] from the nature and limits of the judicial power of the United States" and is "inflexible and without exception."

---

[1/]A class action covered by CAFA is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

Case No. 1:09-CV-2833
Gwin, J.

*Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1997) (internal citations omitted). Accordingly, a court of appeals must vacate any federal district court judgment entered absent jurisdiction and dismiss the action. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 154 (1908). With these principles in mind, the Court turns to whether it has jurisdiction over this case.

Taking Morgan & Pottinger's second ground for removal first, § 1441 does not allow removal by a counterclaim defendant who was not an original plaintiff. The Supreme Court has held that § 1441 does not allow removal by a counterclaim defendant who *was* an original plaintiff. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). And the Sixth Circuit has held that § 1441 does not allow removal by a *third-party* defendant. *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 462-63 (6th Cir. 2002). Although *Shamrock Oil* and *Curry* are not squarely controlling here—Morgan & Pottinger is a counterclaim defendant who was *not* an original plaintiff—the reasoning of those cases dictates that this case is no different. Those opinions explained that the precursor to § 1441 granted the right of removal to "'either party,'" but that Congress's amendment of the statute to allow removal "'only "by the defendant or defendants therein"'" indicated an intent "'to narrow the federal jurisdiction on removal.'" *Curry*, 301 F.3d at 462 (quoting *Shamrock Oil*, 313 U.S. at 104-07). The upshot of this history, the Sixth Circuit concluded, is that "the phrase 'the defendant or the defendants,' as used in § 1441(a), [should] be interpreted narrowly, to refer to defendants in the traditional sense of parties against whom the plaintiff asserts claims." *Curry*, 301 F.3d at 462-63; *accord* 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, *Federal Practice and Procedure* § 3730 (4th ed. 2009) (Section 1441(a)'s right to remove is "limited to 'true' defendants. Thus, plaintiffs cannot remove, even when they are in the position of defendants with regard to a counterclaim asserted

-3-

Case No. 1:09-CV-2833
Gwin, J.

against them. Nor can third-party defendants brought into the state action by the original defendant exercise the right to remove claims to the federal court . . . ." ) (footnotes omitted). Under this reasoning, counterclaim defendants who were not original plaintiffs—like Morgan & Pottinger—are not "parties against whom the plaintiff asserts claims." *Curry* 301 F.3d at 462.[2]

Nor does the fact that Morgan & Pottinger did not choose the state forum affect its statutory authority to remove under § 1441. The third-party defendant in *Curry* likewise had no say in where he was sued, but the Sixth Circuit nevertheless found that he was not a "defendant" as used in § 1441 and thus could not remove. 301 F.3d at 462-63.

Thus, *Shamrock Oil* and *Curry* dictate that § 1441 does not allow removal by any counterclaim defendants—even if, as here, they were not original plaintiffs.

Likewise, Morgan & Pottinger's first ground for removal—CAFA's removal provision—also fails. That statute provides:

> A class action may be removed to a district court of the United States in accordance with section 1446 . . . without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants.

28 U.S.C. § 1453(b).

Morgan & Pottinger argues that the statutory language ("such action may be removed by *any* defendant") indicates Congress's intent to abolish § 1441's rule limiting removal to "true"

---

[2] This logic also disposes of Morgan & Pottinger's argument that the Court should "realign" it as a defendant so as to permit removal. [Doc. 17 at 6-7.] The plaintiff's original complaint establishes who is a "defendant" for purposes of removal. Here, Capital One's original complaint did not name Morgan & Pottinger as a party against whom it sought relief. (In fact, Morgan & Pottinger signed the complaint *on behalf of* Capital One.)

Moreover, it is irrelevant that Jones's counterclaim was independent and not compulsory. [Doc. 17 at 6.] *Shamrock* held that the counterclaim defendant could not remove—even though the counterclaim was distinct from the original claim and could have been brought as a separate action. *See* 313 U.S. at 103-04 ("We assume for purposes of decision . . . that respondent's counterclaim stated an independent cause of action . . . .").

-4-

Case No. 1:09-CV-2833
Gwin, J.

defendants and to extend the removal right in the CAFA context to, *inter alia*, counterclaim defendants. [Doc. 17 at 3-4.] In support, Morgan & Pottinger cites *Deutsche Bank National Trust Co. v. Weickert*, 638 F. Supp. 2d 826 (N.D. Ohio 2009), which held that § 1453(b) allowed removal by counterclaim defendants who were not original plaintiffs. *Weickert*'s two reasons for its holding were (1) the difference in the language of the two removal provisions—"the defendant or the defendants" in § 1441(a), but "any defendant" in § 1453(b)—and (2) the congressional purpose in enacting CAFA of expanding federal jurisdiction over state law class actions. *Weickert*, 638 F. Supp. 2d at 829-30.

In response, Jones points to two cases that came to the opposite conclusion: *Palisades Collections LLC v. Shorts*, 552 F.3d 327 (4th Cir. 2008), and *Wells Fargo Bank v. Gilleland*, 621 F. Supp. 2d 545 (N.D. Ohio 2009).

These better-reasoned decisions compel the conclusion that § 1453(b) does not allow removal by counterclaim defendants, regardless of whether they were original plaintiffs. *See Shorts*, 552 F.3d at 331-36; *Gilleland*, 621 F. Supp. 2d at 549; *see also First Bank v. DJL Props., LLC*, --- F.3d ----, 2010 WL 1050283, at *1-*2 (7th Cir. Mar. 24, 2010) (Easterbrook, J.).

First, the plain language of § 1453(b) uses "defendant," a word that *Shamrock Oil* and *Curry* held does not include counterclaim defendants (in the context of § 1441 and § 1446). Congress's choice of a word with a settled legal meaning usually indicates its intent to adopt that meaning—especially when it has shown elsewhere that it knows how to use a different word to extend the reach of removal statutes. *See* 28 U.S.C. § 1452(a) (allowing removal in bankruptcy cases by "a *party*") (emphasis added).

Moreover, the statutory structure corroborates this conclusion. Section 1453(b) permits

-5-

Case No. 1:09-CV-2833
Gwin, J.

removal "in accordance with section 1446"—which, under *Shamrock Oil* and *Curry*, does not allow removal by counterclaim defendants of any kind. It would be incoherent to read §1453(b) to allow removal by counterclaim defendants according to the procedure of § 1446, which in turn does not allow them to remove at all. *See also* LaRue v. DeWolff, Boberg & Assocs., 552 U.S. 248, 258 (2008) (noting "our usual preference for construing the 'same terms [to] have the same meaning in different sections of the same statute'") (citation omitted).

Morgan & Pottinger's counterargument relies heavily on § 1453(b)'s use of the word "any" before "defendant," but that word does not change things. "[A]ny" modifies "defendant"—which Morgan & Pottinger is not, according to *Shamrock Oil* and *Curry*. The reason § 1453(b) modifies "defendant" with "any"—rather than "the," like § 1441 and § 1446—is to abolish § 1441's "rule of unanimity" and allow a single defendant's preference for removal to federal court to prevail. *Compare* § 1453(b) ("such action may be removed by any defendant *without the consent of all defendants*") (emphasis added) *with* Chicago, Rock Island & Pac. Ry. v. Martin, 178 U.S. 245 (1900) (holding that under what is now § 1441, every defendant must expressly consent to notice of removal).

In sum, the plain language and structure of the statute compels the conclusion that § 1453(b) does not allow removal by counterclaim defendants.

Morgan & Pottinger also contends that CAFA's stated purpose of expanding federal jurisdiction over class actions indicates that Congress meant for § 1453(b) to allow removal by counterclaim defendants. But as *Gilleland* concisely explained, "this expansion was achieved, not by allowing removal by . . . counterclaim defendants, but by 'doing away with the nonaggregation rule and providing for minimal diversity.'" 621 F. Supp. 2d at 549 (citation omitted). *Accord*

Case No. 1:09-CV-2833
Gwin, J.

[Rodriguez v. United States, 480 U.S. 522, 525-26 (1987)](#) ("[N]o legislation pursues its purposes at all costs. Deciding what competing values will or will not be sacrificed to the achievement of a particular objective is the very essence of legislative choice—and it frustrates rather than effectuates legislative intent simplistically to assume that *whatever* furthers the statute's primary objective must be the law.") (emphasis in original).

Finally, Morgan & Pottinger points out that *Weickert*'s contrary interpretation of § 1453(b) is currently before the Sixth Circuit. Because the Sixth Circuit's decision could be dispositive here, Morgan & Pottinger asks this Court to stay its remand decision until the Sixth Circuit decides *Weickert*. [[Doc. 17 at 2](#).] Because the Court concludes that existing Sixth Circuit case law and established principles of statutory construction compel remand, it need not wait for the Sixth Circuit's *Weickert* decision to decide this motion. Of course, if the Sixth Circuit affirms the district court's interpretation of § 1453(b), Morgan & Pottinger may file a second notice of removal that brings the Sixth Circuit's *Weickert* decision to this Court's attention.

Thus, for the foregoing reasons, the Court **GRANTS** Defendant Jones's motion to remand this case to state court.

IT IS SO ORDERED.

Dated: March 29, 2010         s/ *James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE