UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
: 
CAPITAL ONE BANK (USA) N.A., :
: CASE NO. 1:09-CV-2833
    Plaintiff - Counterclaim Defendant, :
:
v. : OPINION & ORDER
: [Resolving Doc. No. 35.]
KAREN L. JONES, :
:
    Defendant - Counterclaimant, :
:
v. :
:
MORGAN & POTTINGER, P.S.C., :
:
    Counterclaim Defendant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Counterclaim Defendant Morgan & Pottinger, P.S.C. asks this Court to certify an interlocutory appeal of its order remanding the case to state court. Additionally, Morgan & Pottinger moves the Court to stay that order pending appeal. [Doc. 35 (Morgan & Pottinger's mot.); Doc. 32 (remand order).] Because the Court is powerless to certify an interlocutory appeal, and because Morgan & Pottinger has not shown that a stay is warranted, the Court DENIES Morgan & Pottinger's motions.

Morgan & Pottinger asks for interlocutory certification under 28 U.S.C. § 1292(b), but that statute does not govern interlocutory appeal of remand orders. Instead, § 1447(d) creates an exception to § 1292(b), categorically barring appellate review of a district court's remand order. *See*

Case No. 1:09-CV-2833
Gwin, J.

28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . .").

And although the Class Action Fairness Act's removal provision creates an exception to this exception—allowing appellate review of remand orders in certain circumstances—that provision neither requires nor empowers a district court to certify its remand order for interlocutory appeal. Instead, it allows a party to go directly to the court of appeals without district court certification. *See* 28 U.S.C. § 1453(c)(1) ("[A] court of appeals may accept an appeal from an order of a district court granting . . . a motion to remand a class action to the State court from which it was removed if application is made to the court of appeals not more than 10 days after entry of the order.").

Thus, because neither § 1447(d) nor § 1453(c)(1) empowers a district court to certify its remand order for interlocutory appeal, the Court DENIES Morgan & Pottinger's motion for certification.

Morgan & Pottinger also asks this Court to stay its remand order pending the Sixth Circuit's resolution of its appeal. On a motion to stay pending appeal, district courts balance the following factors: (1) the likelihood that the party seeking the stay will prevail on appeal; (2) whether denial of a stay would irreparably harm the moving party; (3) whether the stay will harm others; and (4) the public interest in granting the stay. *See Cooey v. Strickland*, 589 F.3d 210, 218 (6th Cir. 2009). Here, none of the four factors favor a stay.

First, Morgan & Pottinger is not likely to prevail on appeal. As this Court's remand order explained, the plain language and statutory structure of CAFA's removal provision compel the conclusion that counterclaim defendants may not remove. [Doc. 32 at 5-6.] And those courts that have considered whether CAFA's removal provision allows counterclaim defendants to remove have

Case No. 1:09-CV-2833
Gwin, J.

almost uniformly held that the answer is no. *See Palisades Collections LLC v. Shorts*, 552 F.3d 327 (4th Cir. 2008), *cert. denied sub nom. AT & T Mobility LLC v. Shorts*, 129 S. Ct. 2826 (2009); *First Bank v. DJL Props., LLC*, --- F.3d ----, 2010 WL 1050283, at *1-*2 (7th Cir. Mar. 24, 2010) (Easterbrook, C.J.); *Wells Fargo Bank v. Gilleland*, 621 F. Supp. 2d 545 (N.D. Ohio 2009); *Citibank (S.D.), N.A. v. Duncan*, No. 2:09CV868, 2010 WL 379869, at *3 (M.D. Ala. Jan. 25, 2010); *see also Progressive W. Ins. Co. v. Preciado*, 479 F.3d 1014, 1017-18 (9th Cir. 2007) (explaining in dictum that CAFA does not allow removal by plaintiff/cross-defendant); *but see Deutsche Bank National Trust Co. v. Weickert*, 638 F. Supp. 2d 826 (N.D. Ohio 2009). Thus, Morgan & Pottinger has "failed to show a substantial likelihood of success on the merits." *Family Trust Found. of Ky., Inc. v. Ky. Judicial Conduct Comm'n*, 388 F.3d 224, 228 (6th Cir. 2004).

Second, Morgan & Pottinger has not shown a threat of irreparable injury absent a stay. Because CAFA expedites appellate review of remand orders, Morgan & Pottinger will not likely be subject to erroneous—let alone irreparably erroneous—state court decisions while its appeal is pending. *See* 28 U.S.C. § 1453(c)(2) ("If the court of appeals accepts an appeal [of a remand order], the court shall complete all action on such appeal, including rendering judgment, not later than 60 days after the date on which such appeal was filed . . . .").

Morgan & Pottinger argues that if the Sixth Circuit were to reverse, its efforts to litigate the case in state court would be wasted. But that potential injury is not irreparable; as the Sixth Circuit has explained, "'[m]ere injuries, however substantial, in terms of money, time, and energy necessarily expended in the absence of a stay, are not enough.'" *Baker v. Adams County/Ohio Valley Sch. Bd.*, 310 F.3d 927, 930 (6th Cir. 2002) (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)).

Third, a stay would inconvenience the other parties to this action by holding up the litigation

-3-

Case No. 1:09-CV-2833
Gwin, J.

and postponing a final resolution.

Finally, the public interest does not favor a stay. Morgan & Pottinger argues that a stay would prevent waste of state court resources if the Sixth Circuit were to reverse. But as explained above, CAFA's expedited appellate review limits the extent of that possible waste. Morgan & Pottinger also points to the public interest in having the Sixth Circuit decide this unsettled legal question. But CAFA's appellate review provision allows the Sixth Circuit to vindicate that interest regardless of whether this Court grants a stay.

Thus, because Morgan & Pottinger is unlikely to prevail on appeal or be irreparably harmed absent a stay, because a stay will harm the other parties, and because the public interest does not favor a stay, the Court DENIES a stay of its remand order.

IT IS SO ORDERED.


Dated: April 29, 2010               s/         *James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE